IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN HOYE, | ) |
| Petitioner, | ) ) ) |
| | ) CA No. 2: 18-cv-01191 |
| v. | ) ) ) |
| ALLEGHENY COUNTY DISTRICT ATTORNEY; WARDEN, ALLEGHENY COUNTY JAIL; and PA ATTORNEY GENERAL, | ) ) ) ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

Pending before the court are the objections by *pro se* petitioner Nathan Hoye (ECF No. 14) to the October 19, 2018, report and recommendation ("R&R") of the magistrate judge (ECF No. 10), which recommended that the petition and amended petitions for writ of habeas corpus be summarily dismissed pre-service without prejudice for failure to exhaust state remedies. Petitioner was served with the R&R at his listed address of record and advised that written objections were due by November 5, 2018. On November 7, 2018, the court was informed that petitioner had been transferred to Torrance State Hospital and was unable to file timely objections. On November 14, 2018, the case was statistically closed until such time as petitioner notified the court of his return to Allegheny County Jail. (ECF No. 12).

On January 2, 2019, petitioner notified the court that he had been returned to Allegheny County Jail and filed the instant objections to the R&R. (ECF Nos. 13 and 14). The case was reopened and the objections are ripe for consideration. Where, as here, timely objections have been filed, the court is required to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1);

1

Fed.R.Civ.P.72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the mater to the magistrate judge with instructions.

As the R&R explains, pre-trial detainees seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust state court remedies before seeking federal intervention and the petitioner carries the burden of proving exhaustion of all available state court remedies.[1] In his objections, petitioner reiterates the same arguments he made in his petition and amended petitions seeking habeas relief. He does not address and, thus, did not meet his burden of proving that he has exhausted all available state court remedies.

The court reviewed the matter and concludes that the R&R correctly analyzes the issue and makes a sound recommendation. Accordingly, after *de novo* review of the pleadings and documents in the case, together with the R&R and objections thereto, the R&R will be adopted and the petition and amended petitions will be dismissed without prejudice for failure to exhaust state remedies.

Jurists of reason would not find it debatable whether each of Hoye's claims should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability will be denied as to each of Hoye's claims. The denial of a certificate of appealability does not prevent Hoye from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability, from the court of appeals. *See* Fed.R.App.P. 22(b)(1), (2)

---

[1] The docket sheet for petitioner's criminal case, CP-02-CR-0004077-2087, is available online and this court takes judicial notice of it. That docket reflects that a non-jury trial is scheduled for February 12, 2019, before Judge Alexander P. Bicket. *See* https://ujsportal.pacourts.us/DocketSheets/CP.aspx. (last viewed 1/22/2019).

January 25, 2019                             BY THE COURT:

                                             /s/ Joy Flowers Conti
                                             Joy Flowers Conti
                                             United States District Judge